## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

AVONTE HITCHENS                                   CIVIL ACTION

VERSUS                                            NO. 21-1410

MARIO BUNCH, ET AL.                               SECTION: H(3)

## ORDER AND REASONS

Before the Court is Plaintiff Avonte Hitchens's Motion to Remand (Doc. 5). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This case arises out of a car accident that occurred on June 26, 2020. Plaintiff Avonte Hitchens alleges that at the time of the accident she was in her vehicle approaching an intersection. She claims that Mario Bunch, while driving a company car in the course and scope of work for his employer Estes Express Lines Corporation ("Estes Express"), struck Plaintiff's vehicle, causing her personal injuries and property damage. On May 11, 2021, Plaintiff filed suit in the 24th Judicial District Court of Louisiana against Bunch, Estes Express, and two insurers, United States Fire Insurance Company ("United

1

States Fire") and National Union Fire Insurance Company of Pittsburgh, Pa ("National Union"), both of whom allegedly insured the employer.[1]

On July 23, 2021, Defendants Bunch and Estes Express ("Removing Defendants") filed a Notice of Removal in this Court.[2] Removing Defendants alleged diversity jurisdiction under 28 U.S.C. § 1332. On August 5, 2021, Plaintiff filed the instant Motion to Remand.[3] Plaintiff argues that Removing Defendants failed to comply with removal procedure under 28 U.S.C. § 1446. Defendants disagree.[4] This Court finds that while Removing Defendants did not violate removal procedure as Plaintiff contends, they nevertheless failed to carry their burden to "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[5] Therefore, remand is appropriate.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[6] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[7] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the

---

[1] *See* Doc. 1-1.
[2] *See* Doc. 1.
[3] *See* Doc. 5.
[4] *See* Doc. 8.
[5] Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999) (quoting Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)).
[6] 28 U.S.C. § 1441.
[7] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

time of removal."[8] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[9] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[10]

## LAW AND ANALYSIS

Plaintiff charges Removing Defendants with two procedural defects under 28 U.S.C. § 1446, allegedly rendering their removal improper. First, removal was untimely, according to Plaintiff, because more than 30 days elapsed between service of the state court Petition on Removing Defendants and the filing of the Notice of Removal.[11] Second, Plaintiff claims that United States Fire and National Union did not consent to removal as required. The Court will consider each alleged procedural defect in turn.

### I. Timeliness of Removal

A defendant must file a notice of removal within 30 days of service of the petition.[12] However, "if the case stated by the initial pleading is not removable," the defendant may remove the case within 30 days of receiving a copy of "an

---

[8] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723; *see also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).

[9] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

[10] 28 U.S.C. § 1447(c).

[11] Bunch was served on May 24, 2021, and United States Fire and National Union were served on May 26, 2021. The Removing Defendants filed the Notice of Removal almost 60 days later, on July 23. *See* Doc. 1.

[12] *Id.* § 1446(b)(1).

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[13] The 30-day time period "in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[14]

Plaintiff filed suit in state court on May 11, 2021, and service of the Petition on each Defendant occurred that month. Removing Defendants filed the Notice of Removal over 30 days later, on July 23. Removing Defendants argue that the case was not removable when they were served with the Petition, but instead became removable upon receipt of Plaintiff's medical records on June 23, 2021. Therefore, the question of timeliness in this case turns on whether the Petition "affirmatively reveals on its face" that Plaintiff is seeking damages in excess of $75,000.

The Court finds that it does not. "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"[15] Here, Plaintiff's Petition is vague as to her injuries. It describes them in a mere single sentence as "cervical and lumbar spine sprain and full disability."[16] Plaintiff argues that

---

[13] *Id.* § 1446(b)(3).

[14] Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

[15] Dunomes v. Trinity Marine Prods., Inc., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting Broadway v. Wal-Mart Stores, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

[16] Doc. 1-1, ¶ VII.

this terse description indicated to Removing Defendants that she was fully disabled as a result of the car accident. However, there is considerable caselaw from this Court in which similarly brief, vague allegations—despite implicating disability—are deemed insufficient to make it facially apparent that the amount in controversy is met.[17]

Besides its one-line description of injuries, Plaintiff's Petition includes no specific monetary amount of damages.[18] It contains a general request for damages for "medical and medication expenses," "lost wages and opportunity costs," and "pain and suffering, and emotional distress."[19] However,

> [c]ourts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of

---

[17] *See, e.g.*, Gallin v. Tyson Foods, Inc., No. 19-10070, 2019 WL 2611126 (E.D. La. June 26, 2019) (holding that petition that alleged "sudden, unexpected, and violent blow of collision" that caused him severe and painful injuries and "permanent partial disability" did not make amount in controversy facially apparent); Maze v. Protective Ins. Co., No. 16-15424, 2017 WL 164420 (E.D. La. Jan. 17, 2017) (finding that allegation of "severe and disabling injuries" fails to meet facially apparent standard); Steed v. Chubb Nat'l Ins. Co., No. 15-6511, 2016 WL 403837 (E.D. La. Feb. 3, 2016) (concluding that it was not facially apparent from the petition that the jurisdictional amount was satisfied); Jupiter v. Lowe's Home Centers, Inc., No. 12-895, 2012 WL 2878639 (E.D. La. July 13, 2012) (holding that the petition, which alleged damages for severe injuries and physical disability, failed to affirmatively reveal on its face that the minimum jurisdictional amount was met); Seaman v. Tetra Applied Techs., Inc., No. Civ.A. 99-3811, 2000 WL 222851 (E.D. La. Feb. 18, 2000) (finding that allegations of "serious injuries to his mind and body, including, but not limited to neck and back" do not meet facially apparent standard).
[18] This is just as well, since Louisiana Code of Civil Procedure article 893 prohibits including a specific amount of monetary damages in a petition's allegations or prayer for relief.
[19] Doc. 1-1, ¶ IX.

proving that the amount in controversy is satisfied under the "facially apparent" test.[20]

Thus, similar to the vague description of her injuries, Plaintiff's general requests for damages fail to make the requisite amount in controversy facially apparent.

Because Plaintiff's Petition cannot satisfy the facially apparent standard, the 30-day period of removal did not begin at the time of service. Accordingly, Plaintiff is incorrect that Removing Defendants were untimely when they filed for removal roughly 60 days after service. Removing Defendants filed their Notice of Removal within 30 days of receipt of Plaintiff's medical records. Thus, removal was not untimely.

## II. Consent of Defendants

Plaintiff's next argument is that Removing Defendants Bunch and Estes Express failed to get the consent to removal from United States Fire and National Union as required by 28 U.S.C. § 1446. Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under [original jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[21] If a served defendant did not join in the actual removal, "there must be some timely filed written indication

---

[20] Davis v. JK & T Wings, Inc., No. 11-501, 2012 WL 278728, at *3 (M.D. La.) (citing Alderdice v. Lowe's Home Ctrs., Inc., No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012); Nelson v. Wal-Mart Stores, Inc., No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein; Fontenot v. Granite State Ins. Co., No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and Bonck v. Marriot Hotels, Inc., No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[21] 28 U.S.C. § 1446(b)(2)(A).

from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[22] United States Fire and National Union were served, but they did not file the Notice of Removal with Bunch or Estes Express, and they did not file any separate document indicating their consent.

The Court finds that United States Fire consented to removal and that National Union is a nominal defendant whose consent is not required. Relevant to United States Fire's consent, the Notice of Removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel for Bunch, Estes Express, *and United States Fire*.[23] Paragraph eleven of the Notice of Removal states, "All defendants who have been properly joined and served consent to the removal of this case to federal court."[24] Thus, the Notice contained a statement that United States Fire consented to the removal, and counsel for United States Fire submitted that statement to the Court. That representation constitutes a "timely filed written indication . . . from some person . . . purporting to formally act on [United States Fire's] behalf in this respect and to have authority to do so, that [the insurer] has actually consented to such action."[25]

---

[22] Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).
[23] The Notice of Removal states, "NOW INTO COURT, through undersigned counsel, come defendants, Mario Bunch and Estes Express Lines Corporation." Doc. 1 at 1. The Court puzzles over why counsel for Bunch, Estes Express, and United States Fire would file on behalf of only two of her three clients.
[24] *Id.* at 5, ¶ XI.
[25] *Getty Oil Corp.*, 841 F.2d at 1262 n.11.

The Middle District of Louisiana reached the same result in a case with almost identical facts.[26] There, the defendants Hines Trucking and National Indemnity filed the notice of removal, and the plaintiff alleged a removal defect based on the failure of another defendant, Arnold E. Baylor, to consent to removal.[27] The court denied any defect for the same reasons above. Only Hines Trucking and National Indemnity filed the notice of removal, but the notice stated that Baylor consented to removal, and it was signed by counsel for Baylor, Hines Trucking, and National Indemnity. Other cases confronting similar facts have followed suit in denying any removal defect as to consent.[28]

Accordingly, Plaintiff is incorrect that Removing Defendants failed to get the consent required from United States Fire. Granted, Plaintiff is correct that the other insurer, National Union, did not consent to removal. However, Removing Defendants contend that National Union is a nominal party. "[N]ominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal."[29] The test of whether defendants are nominal parties "is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good

---

[26] *See* Bethel v. Nat'l Indem. Ins. Co., No.15-391, 2015 WL 5636433 (M.D. La.), *report and recommendation adopted*, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

[27] *Id.* at *3.

[28] *See, e.g.*, Day v. Danny, No. 15-832, 2016 WL 1033536, at *4 (citing *Bethel*, 2015 WL 5636433, at *3) (M.D. La.), *report and recommendation adopted*, 2016 WL 1064547 (M.D. La. Mar. 15, 2016); Williams v. Travelers Ins. Co., No. 16-593, 2016 WL 7165748, at *2 (M.D. La. Nov. 4, 2016) (citing *Bethel*, 2015 WL 5636433, at *3).

[29] Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970); *see also* Faris v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 871–72 (5th Cir. 1991).

conscience which would not be in any way unfair or inequitable to the plaintiff."[30] "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."[31]

Removing Defendants note that National Union did not insure Estes Express or Bunch on the date of the accident. While it is true that National Union has not appeared to answer or assert its lack of coverage, Plaintiff has not indicated that she can establish a cause of action against National Union at this time. Accordingly, National Union appears to be a nominal party that did not need to consent to removal. Therefore, because United States Fire properly consented, there is no procedural defect to removal based on the consent of Defendants.

Nevertheless, despite Plaintiff's failure to provide the Court with a proper grounds for remand, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation."[32] The amount in controversy bears directly on this Court's subject matter jurisdiction, meaning if Removing Defendants have failed to carry their burden to prove that the amount is met, then this Court can raise that objection sua sponte.[33]

---

[30] *TriCities Newspapers, Inc.*, 427 F.2d at 327 (quoting Stonybrook Tenants Assoc., Inc. v. Alpert, 194 F. Supp. 552, 559 (D. Conn. 1961)).

[31] *Farias*, 925 F.2d at 872.

[32] Watts v. Harrison, No. 17-814, 2017 WL 4992677 (E.D. La. Nov. 2, 2017) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999) (stating that federal courts may examine the basis of jurisdiction sua sponte)).

[33] Indeed, in *Watts* the plaintiff did not challenge or object to the Court's subject matter jurisdiction, but the Court nevertheless examined whether the defendants had carried their

## III. Removing Defendants' Burden of Proof as to Amount in Controversy

A federal district court has subject matter jurisdiction over a state claim when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.[34] When the petition is silent on the exact amount of claimed damages—as is the case here—the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000."[35] The removing party can satisfy this burden either: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) by setting forth "summary judgment-type evidence" of facts in controversy that support a finding of the requisite amount.[36]

The above discussion of timeliness determines that it is not facially apparent from Plaintiff's Petition that her claim exceeds $75,000. The Court now turns to the second method. Removing Defendants present Plaintiff's medical records, which indicate that Plaintiff underwent chiropractic treatment from July 7, 2020 through December 28, 2020 and again in March of 2021.[37] She had a cervical MRI on June 9, 2021 that revealed a subtle disc

---

burden of proving that the amount in controversy exceeded the $75,000 jurisdictional threshold. *Id.* at *2–3. The Court determined that they had not. *Id.* at *3–4.

[34] Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Here, the issue of complete diversity is not in dispute.

[35] Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002) (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

[36] *Id.* (citations omitted).

[37] *See* Doc. 8-1. Besides the medical records, the only other evidence is an email exchange in which counsel for Plaintiff refuses to stipulate that the amount in controversy is less than

10

bulge at C4-5. There is also evidence of facet hypertrophy with minimal foraminal narrowing at C5-6 and C6-7. However, Plaintiff's treatment has produced only $4,799.00 in known medical bills.[38] Removing Defendants now claim that Plaintiff is beginning more aggressive treatment since recently giving birth, but they give no indication as to what that treatment entails or costs.

This evidence alone is insufficient to carry the burden of proving by a preponderance that the amount in controversy is met. Removing Defendants provide no evidence of the serious nature of Plaintiff's pain and suffering; in fact, the records indicate that Plaintiff's discomfort is "slight" and her condition is improving.[39] Her disc bulge is characterized as "low grade," and Removing Defendants give no indication of any surgery or other costly procedures on the horizon.[40] "[T]his Court has repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum."[41] Furthermore, this Court has

---

$75,000. *See* Doc. 8-2. However, "the refusal to stipulate is only one factor to consider in determining whether a removing party has met its burden." Trahan v. Drury Hotels Co., 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (citing Norris v. Allstate Ins. Co., No. 07-5515, 2007 WL 3377259, at *1 (E.D. La. Nov. 13, 2007); McBride v. Wal–Mart Stores, Inc., No. 98-3803, 1999 WL 76427, at *2 (E.D. La. Feb. 5, 1999)); *see also* Dung Nguyen v. Elliott, No. 19-14785, 2020 WL 1027005, at *4 (E.D. La. Mar. 3, 2020) ("Plaintiff d[oes] not have a legal obligation to sign such a stipulation 'and, therefore, [her] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (quoting Tucker v. Cincinnati Ins. Co., No. 17-414, 2017 WL 5762436, at *4 (M.D. La.) (second and third alteration in original), *report and recommendation adopted*, No. 17-414, 2017 WL 5760881 (M.D. La. Nov. 28, 2017)).

[38] *See* Doc. 8-1 at 1.

[39] *Id.* at 12, 20.

[40] *Id.* at 49.

[41] McCain v. Winn-Dixie Montgomery, LLC, No. 16-1546, 2016 WL 2908418, at *4 (E.D. La. May 19, 2016) (citing Anderson v. Great West Cas. Co., No. 09-7716, 2010 WL 420572, at *1

consistently ordered remand in circumstances such as this, where a plaintiff's bills fall far short of the jurisdictional amount and there is no evidence of expensive treatment to come.[42]

Removing Defendants cite to a number of cases in which Louisiana courts affirmed awards of $75,000 or higher in general damages for injuries that they claim are similar to those allegedly sustained by Plaintiff.[43] However, in almost all of those cases, the injuries were more extensive than those alleged here. For example, in *Hebert v. Boesch*, the plaintiff suffered two disc bulges, with one in the neck being particularly serious, and the plaintiff's injuries affected more of his body than here.[44] Similarly, in *Smith v. Goetzman*, the plaintiff's injuries included two disc bulges, and without the award for past and future mental anguish—of which there is no evidence here—the award for general damages

---

(E.D. La. Jan. 29, 2010)); *see also* Turner v. Winn Dixie, No. 08-3787, 2009 WL 159294 (E.D. La. Jan. 21, 2009); Guzman v. State Farm Mut. Auto. Ins. Co., No. 08-1440, 2008 WL 2308099 (E.D. La. June 2, 2008); Jackson v. Cont'l Cas. Co., No. 06-10938, 2007 WL 782190 (E.D. La. Mar. 12, 2007); St. Pierre v. Miers, No. 06-938, 2006 WL 980675 (E.D. La. Apr. 10, 2006); Kern v. State Farm Mut. Ins. Co., No. 05-5486, 2006 WL 146199 (E.D. La. Jan. 18, 2006); Story v. Unitrin Specialty Ins. Co., No. 05-2754, 2005 WL 3543731 (E.D. La. Oct. 18, 2005).

[42] *See, e.g.*, *McCain*, 2016 WL 2908418, at *4 (ordering remand because removing defendant only produced $6,384 in medical bills with no other evidence); Loftin v. Hughes, No. 14-1608, 2014 WL 3893313, at *4 (E.D. La. Aug. 7, 2014) (remanding because defendants could only substantiate less than $7,000 in medical bills and thus could not satisfy the $75,000 threshold); Arnold v. Lowe's Home Centers, Inc., No. 10-4454, 2011 WL 976512, at *1 (E.D. La. Mar. 16, 2011) (finding that $12,000 in medical expenses and a herniated disc injury were insufficient to meet the jurisdictional threshold).

[43] Doc. 8 at 6 (citing Hebert v. Boesch, 194 So. 3d 798 (La. App. 1st Cir. 2016); Strother v. Cont'l Cas. Ins. Co., 944 So. 2d 774 (La. App. 3d Cir. 2006); Smith v. Goetzman, 720 So. 2d 39 (La. App. 1st Cir. 1998); Lock v. Young, 973 So. 2d 831, 847 (La. App. 2d Cir. 2007).

[44] *Hebert*, 194 So. 3d at 801, 804 (detailing injuries to neck, back, shoulders, chest, and shins, as well as two disc bulges with cervical radiculopathy).

would not have exceeded the amount in controversy.[45] Lastly, in *Locke v. Young*, the plaintiff was so seriously injured that he had no memory of the accident, and much of his award for general damages consisted of monies for loss of enjoyment of life because he could no longer pursue athletic activities as he desired.[46] At best, these cases show that at some time in the future, removal may be appropriate—but not today. Considering that the removal statute is to be strictly construed and that any ambiguity should be interpreted in favor of remand, this Court finds that Removing Defendants have not met their burden of proving the $75,000 jurisdictional threshold.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**. The case is remanded back to the 24th Judicial District Court.

New Orleans, Louisiana this 8th day of December, 2021

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[45] *Smith*, 720 So. 2d at 46–48.
[46] *Locke*, 973 So. 2d at 835, 843–47.